IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-00582-M

**Tracee A. Harrison,**

    Plaintiff,

v.

**Brunner Aerospace, LLC, et al.,**

    Defendants.

**Order**

This matter comes before the court upon the parties' joint motion to stay. D.E. 31. It requests a stay their Rule 26(f) report and discovery until the court resolves the pending motions to dismiss and motion to remand. D.E. 10, 12, 23. The motion to stay contends that the pending motions may resolve the case or obviate the need for discovery. So the time and expense attendant to discovery may be unnecessary.

"A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the

motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. Until the court disposes of the pending motions, it is uncertain what discovery may be required. The resolution of the pending motions may narrow discovery or eliminate its need entirely. And the pending motions require no discovery for the court to decide them.

The Defendants offers reasonable arguments in support of their motions to dismiss. Among other things, they contend that the court lacks personal jurisdiction, service of process was inadequate, and the Complaint fails to state a claim. Harrison offers plausible arguments in opposition to the motions for dismissal. And she has moved for the court to remand the case, arguing a valid forum selection clause requires state court adjudication of the case. The time for Defendants to respond to her motion has not yet expired. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the pending motions. If the motions are granted, the time and resources devoted to discovery may be for naught. The court is mindful of the interests in moving a case forward. But given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny the pending motions.

After balancing the relevant factors, the court finds that the parties have shown good cause to stay discovery. So the court grants the motion to stay (D.E. 31) and orders that, unless they agree otherwise, the parties' Rule 26(f) meeting and report are postponed until the court resolves the pending motions to dismiss and motion to remand. If court the denies the motions, in whole or in part, the parties must confer and submit an amended Rule 26(f) report within 14 days from the entry of the order on the motion.

Dated: May 22, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge